UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
VALDEMAR ALBERTO VELIZ, on behalf of himself : Case No. 16-CV-5274
and others similarly situated, : (JO)
:
Plaintiff, :
:
-against- :
:
MIKE'S DINER LTD d/b/a MIKE'S DINER, MIKE'S :
DINER I LLC d/b/a MIKE'S DINER, :
SPIRO KOURKOUMELIS, and :
ANDREW KOURKOUMELIS, :
:
Defendants. :
---------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND
## RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between Valdemar Alberto Veliz (hereinafter referred to as "Plaintiff" or "Releasor"), and Mike's Diner Ltd, Mike's Diner I LLC, and each of their parent companies and any of their subsidiaries, divisions, related companies, predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, as well as Spiro Kourkoumelis and Andrew Kourkoumelis, jointly and severally (hereinafter collectively referred to as the "Defendants" or "Releasees") (Plaintiff and Defendants are referred to herein as the "Parties").

WHEREAS, on September 22, 2016, Plaintiff filed suit for damages titled *Valdemar Alberto Veliz, on behalf of herself and others similarly situated v. Mike's Diner Ltd. d/b/a Mike's Diner, Mike's Diner I LLC d/b/a Mike's Diner, Spiro Kourkoumelis, and Andrew Kourkoumelis,* in the United States District Court for the Eastern District of New York, Civil Action No. 16-CV-5274 (JO) (hereinafter referred to as the "Complaint"), alleging claims for, among other

things, unpaid overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, the Parties now desire to settle the claims and to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiff's claims in the Complaint, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

A. **Consideration**

1. In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the total settlement amount of Forty Thousand Dollars ($40,000.00) (the "Settlement Sum"), of which Thirty-Three and On-Third Percent (33.33%) shall be considered payable to Plaintiff's counsel as attorneys' fees, and which shall be paid as follows:

- **FIRST PAYMENT:** Within ten (10) days of the Court's approval of the Agreement as fair and reasonable and dismissal of the Complaint with prejudice, the Defendants shall issue one (1) check in the amount of Twenty Thousand Dollars ($20,000.00).

- **PAYMENTS 2-5:** Beginning thirty (30) days following the First Payment and continuing every thirty (30) days thereafter, the Defendants shall issue four (4) consecutive monthly installment payments in the amount of Five Thousand Dollars ($5,000.00) due on the last day of each until the Settlement Sum is paid in full.

2.  The settlement payments described in Paragraph A(1) shall be paid to Plaintiff in exchange for Plaintiff's release of his wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief. The payments set forth in Paragraph A(1) shall be made payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be received no later than the dates indicated above.

B.  **Penalty For Late Payment**

In the event that the Defendants fail to make a settlement payment in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiff shall provide notice of the default by facsimile and email to counsel for the Defendants: Stephen D. Hans, Esq., Stephen D. Hans & Associates, P.C., 45-18 Court Square, Suite 403, Long Island City, New York 11101, Facsimile (718) 275-6704, shans@hansassociates.com. The Defendants will then have five (5) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount shall become due and owing as of the 6th day following receipt of said notice, together with liquidated damages in the amount of $5,000.00, with interest to commence as of that date at a rate of 9% per annum, on the amount remaining to be paid under this Agreement at the time of the default. Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having

3

judgment entered against the Defendants, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

    C.    **Wage & Hour Release by Plaintiff:**

        1.    In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands solely concerning wage and hour matters including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date.

        2.    This release shall not affect or limit: (a) any non-wage and hour claims, (b) any claims that may arise after the date Plaintiff signs this Agreement, or (c) Plaintiff's right to enforce the terms of this Agreement;

4

D. **Agreement To Refrain From Filing Claims**

Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Complaint released herewith. Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

E. **Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The Parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

F. **Representations and Acknowledgements**

1. Plaintiff represents that he has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorneys and the attorneys for the Defendants. Plaintiff further represents that:

    (a) He has reviewed each and every provision of this Agreement;

    (b) The Agreement has been explained to him by his attorneys;

    (c) That this Agreement appears to him to have been written in a manner calculated to be understood by him; and,

    (d) He does in fact fully understand this Agreement, including the release of claims.

5

2.       Plaintiff also represents that he voluntarily and knowingly enters into this Agreement of his own free will.

3.       Plaintiff further represents that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorneys throughout these proceedings.

G.   **Non-Admissions**

1.       Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2.       Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff has suffered any damage. ~~Additionally, Plaintiff agrees that nothing in this Agreement may be used~~

J.O.

~~by either party in any proceeding of any kind for any purpose of any kind,~~ except to enforce its ~~terms.~~ J.D.

II. **Attorneys' Fees and Costs**

The Parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

I. **Complete Agreement**

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

J. **No Future Employment**

Plaintiff shall not seek employment in any capacity with any of the Defendants at any time in the future. Plaintiff further agrees and acknowledges that this Agreement shall constitute good and sufficient cause for any of the Defendants to reject any application for employment by the Plaintiff, or on the Plaintiff's behalf, and that such rejection would not constitute a violation of any law.

K. **Additional Terms**

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Eastern District of New York in connection with any dispute concerning this Agreement.

7

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

WHEREFORE, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Valdemar Alberto Veliz

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NEW YORK  )

On the 20th day of June 2017, before me personally came Valdemar Alberto Veliz to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 20th
day of June 2017

_____
Notary Public

**PETER H. COOPER**
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 20 19

8

By: _____
Spiro Kourkoumelis

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF _Kings_    )

On the _8th_ day of June 2017, before me personally came Spiro Kourkoumelis to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Sworn to before me this _8th_
day of June 2017

_____
Notary Public

KATHLEEN E. NEGRI
NOTARY PUBLIC-STATE OF NEW YORK
No. 02NE6064553
Qualified in Kings County
My Commission Expires February 11, 2018

By: _____
Andrew Kourkoumelis

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF _Nassau_   )

On the _5th_ day of June 2017, before me personally came Andrew Kourkoumelis to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Sworn to before me this _5_
day of June 2017

_____
Notary Public

Shaun Erickson
State of New York Notary Public
No. 01ER6295247
Certified in Suffolk County
Commission Expires 12/30/2017

Mike's Diner Ltd.

By: _____

<u>Saro Kourkoumelis President</u>
[Print Name and Title]

Mike's Diner I LLC

By: _____

<u>Saro Kourkoumelis President</u>
[Print Name and Title]